UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN PETER LABORDE, JR. | * | CIVIL ACTION |
| VERSUS | * | NO: 07-532 C/W 07-533 |
| MATTHEW BOYKIN WALKER AND ELIZABETH WALKER | * | SECTION: "D"(5) |

### ORDER AND REASONS

Before the court is the **"Motion for Partial Summary Judgment"** (Doc. No. 37) filed by Plaintiff, John Peter Laborde, Jr. Defendant, Matthew Boykin Walker, filed a memorandum in opposition. The motion, set for hearing on Wednesday, October 10, 2007, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be denied.

Based on the record as it now stands, the court finds that the $1,330,000 promissory note (on which both Plaintiff LaBorde and Defendant Walker were co-makers)[1] was discharged when the Whitney

---

[1] The original note (Note 75861) executed by both Plaintiff Laborde and Defendant Walker in August 2002, was in the principal amount of $2,000,000 and in favor of the Whitney Bank. Over time, this original note was renewed by both Plaintiff Laborde and Defendant Walker, and its principal amount had been reduced to $1,330,000, when Plaintiff Laborde substituted the original/renewed note with a new personal note in the amount of $1,330,000 and

Bank called the original/renewed note and Plaintiff Laborde "paid" the note with a new $1,330,000 note (on which only he was the maker) on or about December 26, 2006. *Bourg v. Wiley*, 398 So.2d 13, 14 (La.App. 4th Cir. 1981); *Quartana v. Jenks*, 355 So.2d 607, 609-10 (La. App. 4th Cir. 1978). Thus, Plaintiff Laborde has no assignment rights *vis a vis* the Whitney Bank to seek payment of the original/renewed note from Defendant Walker, because Walker's liability as a co-maker on that note was discharged when Laborde effectively "paid" it with his substitution note.[2]

---

in favor of the Whitney Bank. Laborde was the sole maker of this new note.

[2] The Whitney Bank endorsed the note on which both Laborde and Walker were co-makers to Laborde on or about December 26, 2006, which was almost seven months after the note's maturity date of May 28, 2006.

In endorsing Note 75861 to Laborde, the Whitney Bank stated: "Without recourse and without warranty: Pay to the Order of John Peter Laborde, Jr." (*See* Plaintiff's Ex. J, attached to Memo. in Support of Motion for Partial Summary Judgment, Doc. No. 37). In consideration of this endorsement, Laborde executed a separate promissory note for which he the sole maker. (*See* Affidavit of H. Elder Gwin, Assistant Vice-President of Whitney Bank, Plaintiff's Ex, L).

The *Bourg* court, quoting from *Quartana*, 355 So. 2d 607 (La. App. 4th Cir. 1978), explained,

> '[T]he endorsement and delivery of a negotiable promissory note by the payee to one of several joint and several makers **after maturity and for valuable consideration** completely extinguishes the obligation *of the note*...'
>
> ...
>
> '[P]ayment in due course of a promissory note by one of several joint makers to the payee or holder extinguishes the instrument and discharges the liability of the other makers thereon' ... and ...
>
> '... Because payment by one joint maker discharges the

2

Plaintiff argues that "even if the Court accepted Walker's argument that Laborde's personal note "paid" Note 75861, Laborde is still entitled to summary judgment as an accommodation party under the November 7, 2002 letter." (*See* Plaintiff's Response Memo., Doc. No. 46, p. 6, n. 1). However, the court finds that there are genuine issues of material fact as to the viability of the side agreement contained in Defendant Walker's November 7, 2002, letter

---

>    instrument, ... the joint maker cannot sue his
>    comakers *on the note*, an assignment or *indorsement of
>    it* to him by the payee not resuscitating it or
>    vitalizing it in his hands as against his comaker.
>    ....'

*Bourg*, 398 So.2d at 15 (emphasis added, and citations omitted).

>    The *Bourg* court also instructed that:
>
>    While [*Quartana*] was decided under the provisions of
>    R.S. 7:1 et seq. (Louisiana's Negotiable Instruments
>    Law), the current applicable statute is R.S. 10:3-601
>    et seq., where comparable provisions require the same
>    result.

*Bourg*, 398 So. 2d at 16.

>    Thus, in this case, the obligation of the incident note was extinguished when Laborde paid it through substitution of his own personal note.  And the Whitney's endorsement of the incident note to Laborde did not resuscitate it or re-vitalize it in Laborde's hands as against Walker.
>
>    When the court denied Defendants' Rule 12(b)(6) Motions to Dismiss, the court found that Plaintiff Laborde had stated a claim for enforcement of the note which the Whitney Bank had assigned to him, because Plaintiff Laborde had not paid Whitney the balance of the original note when it was assigned to him.  But based on the summary judgment evidence now contained in the record, the court concludes as a matter of law, that when Plaintiff Laborde substituted his own note in the amount of $1,330,000 for the original/renewed note (then valued at $1,330,000), he effectively "paid" Whitney that original/renewed note, thereby discharging it.  To the extent that this holding contradicts the court's earlier finding that Laborde did not pay the original/renewed note, the court reverses itself.

to Plaintiff Laborde.[3]  There are also genuine issues of material fact regarding the amount of money that each Plaintiff LaBorde and Defendant Walker respectively paid on the original note.

Accordingly;

**IT IS ORDERED** that the **"Motion for Partial Summary Judgment"** (Doc. No. 37) filed by Plaintiff, John Peter Laborde, Jr., be and is hereby **DENIED**.

New Orleans, Louisiana, this **17th** day of **October**, **2007**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE

---

[3]   Defendant submits (largely through his unsubstantiated deposition testimony) that in October and November 2005, Plaintiff verbally released him from the November 7, 2002, side agreement.  Plaintiff argues that Defendant's "stories about a verbal release are not credible."  (Plaintiff's Response memo. at pp. 6-11).  The court finds, at least at this juncture, Defendant survives summary judgment.