```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JOHN PETER LABORDE, JR.          *        CIVIL ACTION

VERSUS                           *        NO: 07-532 C/W 07-533

MATTHEW BOYKIN WALKER AND        *        SECTION: "D"(5)
ELIZABETH WALKER
```

## ORDER AND REASONS

Before the court are the following motions:

(1) **"Motion for Summary Judgment"** (Doc. No. 56) filed

by Defendants, Matthew Boykin Walker and Elizabeth

Walker; and

(2) **"Motion for Summary Judgment"** (Doc. No. 58) filed

by Defendant, Matthew Boykin Walker.

The motions, set for hearing on Wednesday, March 12, 2008, are before the court on the briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court rules.

**(1) "Motion for Summary Judgment"** (Doc. No. 56)

In the **"Motion for Summary Judgment"** (Doc. No. 58) filed by Defendants Matthew Walker and Elizabeth Walker (**re: No. 07-**

**532)**[1], Defendants seek summary judgment dismissal of Plaintiff's claims for breach of promissory note (asserted against Matthew Walker) and breach of guaranty (asserted against Elizabeth Walker).

In the court's previous "Order and Reasons" (Doc. No. 52) in which the court denied Plaintiff's "Motion for Partial Summary Judgment," the court rejected Plaintiff's argument that Plaintiff, as an assignee of the Whitney, was entitled to enforce the subject Whitney Note against Defendant Matthew Walker.  The court specifically held that: "Plaintiff Laborde has no assignment rights *vis a vis* the Whitney Bank to seek payment of the original/renewed note from Defendant Walker, because Walker's liability as a co-maker on that note was discharged when Laborde effectively 'paid' it with his substitution note."  (Doc. No. 52, p. 2).

This ruling essentially invited Defendants to file the subject Motion for Summary Judgment (Doc. No. 56), at least as to the claim of Plaintiff (as assignee of the Whitney Note) against Defendant Matthew Walker for breach of the Note.  In opposition this motion, Plaintiff argues that while he is precluded from enforcing the Whitney Note *as an assignee of the Whitney*, he is still entitled to enforce the Note *as an accommodation maker*, provided that Laborde

---

[1] In Civil Action No. 07-532, Plaintiff Laborde sues Defendant Matthew Walker for breach of a $1.33 million promissory note payable to the Whitney National Bank.  Plaintiff further sues Defendant Elizabeth Walker for breach of guaranty related to that promissory note.

2

is able to prove that status at trial." (Doc. No. 61, p. 2).

Pursuant to LSA-R.S. 10:3-419(e),

> [a]n accommodation party [purportedly Plaintiff Laborde] who pays the instrument is entitled to reimbursement, subrogation, contribution, and indemnification in accordance with the rules dealing with these matters found in the Civil Code Articles on suretyship, **and is entitled to enforce the instrument against the accommodated party [purportedly Defendant Matthew Walker]**....

LSA-R.S. 10:3-419(e)(emphasis added); *see also Darby v. Doucet*, 428 So.2d 986 (La. App. 3rd Cir. 1986).

Plaintiff Laborde submits that in a letter dated November 7, 2002, Defendant Matthew Walker admitted that he was the principal obligor on the Whitney Note and "executed the Note [and a commercial pledge agreement] as **an accommodation** to me." (*Id*. at p. 3, quoting the November 7, 2002 letter attached as Ex. A, emphasis added).

LSA-R.S. 10:3-419(a) provides that:

> If an instrument is issued for value given for the benefit of a party to the instrument ("accommodated party")[purportedly Defendant Matthew Walker] and another party to the instrument ("accommodation party")[purportedly Plaintiff Laborde] signs the instrument for the purpose of incurring liability on the instrument **without being a direct beneficiary of the value given for the instrument**, the instrument is signed by the accommodation party "for accommodation."

LSA-R.S. 10:3-419(a)(emphasis added).

3

However, Defendant Walker argues that Laborde is not an accommodation party under LSA-R.S. 10:3-419(a), because Laborde received personal benefits from the Whitney loan proceeds. (*See* Defendants' Reply, Doc. No. 63-4, p. 3, incorporating by reference the exhibits filed in connection with the Motion for Summary Judgment (Doc. No. 58) re: No. 07-533).

In the court's previous "Order and Reasons" (Doc. No. 52), the court found that there were genuine issues of material fact as to the viability of the side agreement found in Defendant Walker's November 7,2002, letter to Plaintiff Laborde. (Doc. No. 52, p. 3-4). And that ruling still stands. (*See* following discussion re: Motion for Summary Judgment, Doc. No. 58). The court also now finds there are genuine issues of material fact as to Plaintiff Laborde's status as an accommodation party.

Thus, the court **GRANTS** the **"Motion for Summary Judgment"** (Doc. No. 56), dismissing any claim by Plaintiff, *as an assignee of the Whitney*, against Defendant Matthew Walker for breach of the Whitney Note, asserted in Civil Action No. 07-532. However, the court **DENIES** the **"Motion for Summary Judgment"** (Doc. No. 56), to the extent that Defendant Matthew Walker seeks summary judgment dismissal of the breach of promissory note claim asserted by Plaintiff, *as an accommodation maker*.

4

Finally, the court **GRANTS** the **"Motion for Summary Judgment"** (Doc. No. 56), dismissing Plaintiff's beach of guaranty claim against Elizabeth Walker, asserted in Civil Action No. 07-532. Louisiana Civil Code Article 3059 provides: "The extinction of the principal obligation extinguishes the suretyship." Once Plaintiff Laborde paid the subject Whitney Note by substituting his own personal note, the subject Whitney Note was discharged. Thus, the guaranty obligation of Defendant Elizabeth Walker was extinguished.

Further, whether or not Plaintiff Laborde has the status of an accommodation party (per the November 7, 2002 letter), the guaranty obligation of Elizabeth Walker was discharged when Laborde paid the Whitney Note with the substitution of his personal note. Elizabeth Walker was not a party to the November 7, 2002 letter. As between Laborde and Elizabeth Walker, he was the principal obligor and she was the surety. Laborde can have no recovery on the guaranty, as it was fully discharged when he paid the Whitney Note. La. Civ. Code Art. 3059; *see also Irish v. Woods*, 864 N.E.2d 1117 (Ind. App. 2007)("[a] principal surety {Laborde} cannot 'purchase' his own debt and thereby unilaterally circumvent the transaction and create liability for a subsurety [Elizabeth Walker] who would not otherwise be liable").

5

**(2) "Motion for Summary Judgment"** (Doc. No. 58)

As to the **"Motion for Summary Judgment"** (Doc. No. 58) filed by Defendant Matthew Walker (**re: No. 07-533**)[2], the court finds that there are genuine issues of material fact regarding "whether Walker's consent to the November 7, 2002 side letter was vitiated by error" and "whether the November 7, 2002 side letter was cancelled through subsequent agreement by the parties (Walker and LaBorde)."

Accordingly;

**IT IS ORDERED** that the **"Motion for Summary Judgment"** (Doc. No. 58) filed by Defendant Matthew Walker (**re: No. 07-533)** be and is hereby **DENIED.**

New Orleans, Louisiana, this **25th** day of **March**, **2008**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE

---

[2] In Civil Action No. 07-533, Plaintiff Laborde claims that Defendant Matthew Walker breached the agreement set forth in a letter dated November 7, 2002, by failing to repay Laborde for payments Laborde made on a Promissory Note to the Whitney National Bank.